ORIGINAL

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

KAREN ADAMS
    Plaintiff

vs

MAJOR CHEVROLET INC

DEFENDANT

Case No. CV 15-1523

Judge COGAN, J.

Trial by Jury Demanded

## ORIGINAL COMPLAINT FOR VIOLATIONS OF THE FCRA



RECEIVED
MAR 19 2015
PRO SE OFFICE

### JURISDICTION

1. This court has jurisdiction under 15 U.S.C. §1681p and 28 U.S.C §1331.

2. All conditions precedent to the bringing of this action have been performed.

### PARTIES

3. The Plaintiff in this lawsuit is Karen Adams, a natural person, who resides in Kings County, New York.

4. The Defendant in this lawsuit is MAJOR CHEVROLET an unknown entity with offices at 43-40 Northern Blvd Long Island City, New York 11101.

### VENUE

5. The occurrences which give rise to this action occurred in Kings County, NY and Plaintiff resides in Kings County, NY.

6. Venue is proper in the EASTERN DISTRICT OF NEW YORK.

## GENERAL ALLEGATIONS

7. Plaintiff pulled her consumer credit reports from the three major credit reporting agencies and found entries by entities that she was unfamiliar with in the reports.

8. Plaintiff determined that her consumer credit report had been pulled on various occasions by various entities she did not recognize and without her consent.

9. Plaintiff found after examination of her EXPERIAN consumer credit report that Defendant MAJOR CHEVROLET, INC had pulled Plaintiff's EXPERIAN consumer credit report in September 04, 2014.

10. Discovery of violation brought forth herein occurred in January 2015 and is within the statute of limitations as defined in FCRA, 15 U.S.C. § 1681p.

## Count I

## VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 NON-COMPLIANCE BY DEFENDANT MAJOR CHEVROLET, INC

11. Paragraphs 1 through 10 are re-alleged as though fully set forth herein.

12. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

13. EXPERIAN is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. §1681a(f).

14. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

15. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

16. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

17. Plaintiff has never had any business dealings or any accounts with, made

application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant MAJOR CHEVROLET, INC.

18. At no time did Plaintiff give her consent for Defendant MAJOR CHEVROLET, INC, to acquire her consumer credit report from any credit reporting agency.

19. FCRA in 15 U.S.C. §1681a(r)(4) states: The terms "account" and "electronic fund transfer" have the same meanings as in section 1693a of this title.

(2) the term "account" means a demand deposit, savings deposit, or other asset account <u>(other than an occasional or incidental credit balance in an open end credit plan</u> as <u>defined in section 103(i) of this Act),</u> as described in regulations of the Board, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement;

20. <u>The definition of "account" clearly does not include an account such as a credit card open end credit account</u> but does include a demand deposit account, savings deposit or other asset account which is wholly different. The Plaintiff never had any such account so there was obviously no permissible purpose for the credit pull.

21. In September 04, 2014 Defendant MAJOR CHEVROLET, INC obtained the EXPERIAN consumer credit report for the Plaintiff with no permissible purpose in violation of FCRA, 15 U.S.C. §1681b. Plaintiff has no idea or indication as to what possible alleged account MAJOR CHEVROLET, INC could claim to have with her and is positive she had no account with MAJOR CHEVROLET, INC which would come under the definition of account in the FCRA in regard to permissible purpose.

22. The action of Defendant MAJOR CHEVROLET, INC obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

Wherefore, Plaintiff demands judgment for damages against Defendant, MAJOR CHEVROLET, INC for statutory damages of $1000.00, punitive damages to be determined by this honorable court, attorney's fees, and costs pursuant to 15 U.S.C. § 1681n.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: 3/15/2015

Respectfully submitted,

*Karen N Adams*

Karen Adams

955 Rutland Rd Apt 5G

Brooklyn, NY 11212

Karenadams955@gmail.com

Cellphone 646-202-3370

Service to:

MAJOR CHEVROLET, INC.

43-40 Northern Blvd

Long Island City, NY 11101